IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>     v.<br><br>MATURANA,<br><br>        Defendant. | Case No. 17-cr-00238-CRB-1<br><br>**ORDER DENYING COMPASSIONATE RELEASE** |

Carlos Maturana has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See generally Mot. (dkt. 52). The Court determines that Maturana has not satisfied the requirements of that statute or the applicable Sentencing Commission policy statement. Maturana's motion for compassionate release is therefore denied. The Court determines that there is no need for oral argument on this matter.

18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1] 18 U.S.C. § 3582(c)(1)(A).

"[A]fter considering" the sentencing factors from 18 U.S.C. § 3553(a) "to the extent that they are applicable," a court may grant the motion to reduce the defendant's sentence in one of two circumstances. First, "if it finds that . . . extraordinary and compelling reasons warrant such a

---

[1] The parties dispute whether this requirement is satisfied. Compare Mot. at 3–4, with Opp'n (dkt. 55) at 2. Because Maturana's motion fails on the merits, the Court need not reach this issue.

reduction." Id. § 3582(c)(1)(A)(i). Second, if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." Id. § 3582(c)(1)(A)(ii).

A reduction in sentence under § 3582(c) must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A); see also Dillon v. United States, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission policy statement applicable to 18 U.S.C. § 3582(c)(2) remains mandatory, even after United States v. Booker, 543 U.S. 220 (2005)). Although the statute does not define the term "extraordinary and compelling reasons," the Sentencing Commission has. The application notes to U.S.S.G. § 1B1.13 enumerate five circumstances that establish "extraordinary and compelling reasons" to reduce a defendant's sentence.

The first two relate to the defendant's medical condition. The "extraordinary and compelling reasons" standard is satisfied if "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)." U.S.S.G. § 1B1.13 cmt. n.1(A)(i). It is also satisfied by "a serious physical or medical condition, . . . serious functional or cognitive impairment, or . . . deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Id. § 1B1.13 cmt. n.1(A)(ii). The defendant's age qualifies as a third extraordinary and compelling reason if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. § 1B1.13 cmt. n.1(B). Family circumstances requiring the defendant to care for minor children or a spouse or registered partner are a fourth qualifying reason. Id. § 1B1.13 cmt. n.1(C). Fifth, a catch-all provides for relief if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons

described in subdivisions (A) through (C)."  Id. § 1B1.13 cmt. n.1(D).

Maturana has not satisfied these requirements.  He is twenty-seven years old and has not served thirty years in prison, see PSR (dkt. 46) at 3, Judgment (dkt. 50) at 2, so he must show that "extraordinary and compelling reasons," as defined by the applicable Sentencing Commission policy statement, "warrant . . . a reduction."  See 18 U.S.C. § 3582(c)(1)(A)(i).  Maturana contends early release is warranted because he has a family history of medical conditions that increase the risk of serious illness from COVID-19.  Mot. at 3.  But he does not claim that he himself is "experiencing" or "suffering from" any of these conditions.  See generally id.; see also U.S.S.G. 1B1.13 cmt. n. 1(A).  To the contrary, Maturana is in good health.  PSR ¶ 55.  Even during the current pandemic, Maturana's family medical history is not an "extraordinary and compelling reason[ ]" for early release.

Maturana also points to the spread of COVID-19 in his facility and suggests that he himself may be infected with the virus.  Mot. at 2.  But since the filing of his motion for early release, Maturana has tested negative for COVID-19.  Highsmith Decl. Ex. B (dkt. 56).  And in any event, because Maturana is only twenty-seven years old and has no underlying medical conditions that increase his risk of serious illness from COVID-19, he is "expected to recover" from the novel coronavirus.  See Centers for Disease Control and Prevention, Severe outcomes among patients with coronavirus disease 2019 (COVID-19) — United States, February 12–March 16, 2020 (March 26, 2020), cdc.gov/mmwr/volumes/69/wr/mm6912e2.htm.  In this case, infection with COVID-19 would not be a medical condition that qualifies as an "extraordinary and compelling reason[ ]," see U.S.S.G. 1B1.13 cmt. n. 1(A), nor would it satisfy the Sentencing Commission's other definitions of that term, see id. cmt. n. 1(A)–(D).

For the foregoing reasons, Maturana's motion for compassionate release is denied.  Maturana's motion for appointment of counsel (dkt. 53) is also denied.

**IT IS SO ORDERED.**

Dated: June 1, 2020



CHARLES R. BREYER
United States District Judge